**UNITED STATES of America,**
**Appellee,**

v.

**Peter ABBADESSA, George Vellios, Anthony Lucania, Gerard Cavera, also known as Gerry Lake, Defendants,**

**Frank Chinnici, also known as Frankie Dogs, Defendant–Appellant.**

**No. 06–2398–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2008.

B. Alan Seidler, Esq., New York, NY, for Appellant.

Benton J. Campbell, United States Attorney for the Eastern District of New York, Emily Berger, Taryn A. Merkl, Assistant United States Attorneys, Brooklyn, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

---

## SUMMARY ORDER

Frank Chinnici appeals from a judgment of conviction entered May 15, 2006, following his plea of guilty to conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Chinnici was sentenced to 97 months of imprisonment, three years of supervised release, $153,000 in mandatory restitution, and a $100 special assessment. He appeals on the grounds that there was an insufficient factual basis for the district court to accept his plea, and that the sentence imposed was unreasonable. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

With respect to his challenge to the factual basis for his plea, we conclude that Chinnici's admission of an intended conspiratorial purpose to "obstruct and delay commerce in the movement of articles and commodities in commerce" provides a sufficient factual basis for the nexus to interstate commerce required for a Hobbs Act conviction. Where, as here, "the charge is uncomplicated, the indictment detailed and specific, and the admission unequivocal," "[a] reading of the indictment to the defendant coupled with his admission of the acts described in it [is] a sufficient factual basis for a guilty plea...." *United States v. O'Hara*, 960 F.2d 11, 13 (2d Cir.1992) (second alteration in original; citation and internal quotation marks omitted).

As for his sentence, there is some doubt as to whether the appeal waiver in Chinnici's plea agreement waives his ability to challenge the reasonableness of it. In any event, we do not find that the district court committed clear error in attributing conduct to Chinnici for the purpose of impos-ing the sentence enhancements, and we otherwise find the sentence to be reasonable under the circumstances.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.